■ In the Matter of DIEMACO, Appellant, v COLT'S MANUFACTURING COMPANY, INC., et al., Respondents. [654 NYS2d 12] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered October 2, 1996, which denied petitioner's application to stay arbitration and dismissed the petition, unanimously affirmed, with costs.

Since petitioner failed to raise its objections to the applicability of the arbitration agreement in a timely application for a stay pursuant to CPLR 7503 (c), the IAS Court properly dismissed the petition as time-barred. Nor is there merit to petitioner's contention that a stay is warranted because there was no express, direct and unequivocal agreement to arbitrate between itself and respondent. The unambiguous incorporation of the License Agreement between respondent and the Canadian government, which contains an arbitration clause, into petitioner's subsequent agreements with respondent indisputably demonstrates petitioner's intention to arbitrate. Petitioner's agreement to arbitrate can also be implied from its repeated acknowledgements in a related Federal action that the unresolved issues raised by respondent are subject to arbitration (see, Matter of Transrol Navegacao, 782 F Supp 848). Concur—Milonas, J. P., Rosenberger, Wallach and Nardelli, JJ.